J-S40006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANNON R. HEINDL, | |
| Appellant | No. 1521 WDA 2018 |

Appeal from the Order Entered September 19, 2018
In the Court of Common Pleas of Elk County
Criminal Division at No(s):  CP-24-CR-0000172-2004

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED NOVEMBER 05, 2019**

Appellant, Shannon R. Heindl, appeals *pro se* from the trial court's September 19, 2018 order that directed the probation department to determine if a 90-day suspension of Appellant's monthly restitution payments is warranted.  After careful review, we are constrained to quash this appeal.

We need not detail, at great length, the facts and procedural history of Appellant's case.  We only note that on June 22, 2005, Appellant pled guilty to one count of bad checks, 18 Pa.C.S. § 4105(a)(1).  On January 11, 2006, she was sentenced to 7 years' probation and $166,000 in restitution.  She did not file a direct appeal.

Over the ensuing years, Appellant apparently made monthly restitution payments of $300.  However, on April 3, 2018, the Commonwealth filed a

_____

[*] Retired Senior Judge assigned to the Superior Court.

"Petition for Contempt of Order of Court," alleging that she had stopped making those required payments. A hearing was conducted on September 17, 2018, at which Appellant testified that she had a medical disability that had hindered her ability to pay.

On September 19, 2018, the trial court entered an order stating, in pertinent part, as follows:

> After hearing, the [c]ourt finds that the amount of the [remaining restitution] obligation is undisputed as $144,119. The last payment was made April 18, 2016. The last payments ordered were $300 per month. [Appellant] has presented evidence which, if deemed credible by the probation department concerning her health issues, shall affect the payments. If found credible, the payments shall be suspended for a period of 90 days, after which, if [Appellant] still claims a medical disability, she shall provide further evidence of the same to the probation department[,] which will review it and act upon it accordingly, and if valid, will maintain the suspension, and if non[-]valid, will reinstate the payment.

Trial Court Order, 9/19/18 (single page).[1]

On October 22, 2018, Appellant filed a notice of appeal from the court's order. On December 4, 2018, this Court issued a rule to show cause why Appellant's appeal should not be quashed as being untimely filed. Appellant responded, claiming, *inter alia*, that the Clerk of Courts had mailed the September 19, 2018 order to her on September 20, 2018, and that she did

---

[1] While we cannot assess Appellant's challenge to this order because, for the reasons stated *infra*, we are compelled to quash her appeal, we note our disagreement with the court's decision to task the probation department with making credibility determinations. "[I]t is exclusively within the province of the trial court to determine the credibility of the witnesses and the weight to be accorded their testimony." ***Commonwealth v. Gallagher***, 896 A.2d 583, 584 (Pa. Super. 2006) (citation omitted).

not receive the order until September 28, 2018.  In support, she presented a photocopy of an envelope addressed to her and sent by the Clerk of Courts of Elk County, which bore a postage stamp dated September 20, 2018.

In light of these circumstances, we conclude that Appellant's notice of appeal was timely filed.  Initially, "Rule of Appellate Procedure 108(b) designates the date of entry of an order as 'the day on which the clerk makes the notation in the docket that *notice* of entry of the order has been given as required by Pa.R.C.P. 236(b).'"  ***In re L.M.***, 923 A.2d 505, 508-09 (Pa. Super. 2007) (quoting Pa.R.A.P. 108(b) (emphasis added)).  Under Rule 236, notice of the order may be made "via United States mail and courthouse mail." Pa.R.C.P. 236, Note ("Methods of notice properly used by the Prothonotary include, but are not limited to, service via United States mail and courthouse mail.").

Here, the docket entry for the September 19, 2018 order contains a notation stating "(DA/Prob/Deft 9-19-18)."  Even if we presume that this vague notation indicates the date on which Appellant was purportedly notified of the order via mail, Appellant has presented this Court with proof that the order was not actually mailed to her until September 20, 2018.  Given this record, we will consider the September 20, 2018 date as the start of the 30-day appeal period.  ***See In re L.M.***, 923 A.2d at 509 (indicating that the appeal period begins to run on the date that Rule 236(b) notice of the order has been given).  Because thirty days after September 20, 2018 was Saturday, October 20, 2018, Appellant's notice of appeal was timely filed on

Monday, October 22, 2018. **See** 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, such period in all cases … shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

However, we must still quash Appellant's appeal from the September 19, 2018 order. Pennsylvania Rule of Appellate Procedure 341 states, in pertinent part, that "[a] final order is any order that … disposes of all claims and of all parties…." Pa.R.A.P. 341(b)(1). The court's September 19, 2018 order did not dispose of the Commonwealth's petition to hold Appellant in contempt of court. In other words, the court did not rule on whether Appellant had failed to pay restitution, despite her financial ability to do so. Instead, the court directed the probation department to take further action by deciding if Appellant's restitution payments should be suspended for 90 days based on her alleged inability to pay.

Because the court's order did not rule on the Commonwealth's petition to hold Appellant in contempt of court but, instead, essentially instructed that further action be taken by the probation department, the order is not final for purposes of appeal.[2]

_____

[2] If the probation department finds that Appellant is able to make her monthly restitution payments, and she fails to do so, we stress that Appellant may not

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2019

---

be incarcerated for contempt until *the court* makes a determination that she was able to pay the required restitution amount, but failed to do so. **See** 18 Pa.C.S. § 1106(f) (directing that if a defendant fails to make restitution, "the court shall order a hearing to determine if the offender is in contempt of court"); 18 Pa.C.S. § 1106(c)(2)(iii) (stating that the court "[s]hall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay").